IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DANIEL ERIC COBBLE,** | : | |
| | : | |
| Petitioner, | : | |
| | : | CIV. NO. 5:15-CV-00080-HL-MSH |
| VS. | : | |
| | : | |
| **District Attorney FRED BRIGHT** *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

## ORDER

*Pro se* Petitioner Daniel Eric Cobble has filed a motion to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 24) in which he appears to challenge the Court's January 24, 2017 Order denying Petitioner's motion for relief from judgment under Rule 60(b) (ECF No. 23). Petitioner has also filed a "motion for this court to acknowledge" various facts (ECF No. 28) in which he attempts to point out what he believes are errors in the Court's reasoning.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1]  If the trial court

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*.  28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis . . . unless . . . the district court . . . certifies that the appeal is not taken in good faith[.]").  "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'"  *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

The Court will construe Petitioner's motion to consider additional facts as his statement of the issues upon which he intends to appeal.  Upon reviewing Petitioner's submissions and the record, the Court finds no issues of arguable merit for appeal. Petitioner's motion contains a litany of alleged "facts" he contends were unacknowledged by the Court and "lies" made by the Court in its January 24, 2017 Order, but it essentially indicates only that Petitioner disagrees with the conclusions reached therein.   Thus, for the reasons contained in the Court's Order, the Court finds that Petitioner's appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).  Petitioner's motion for leave to appeal IFP (ECF No. 24) is accordingly **DENIED**.  Petitioner's motion for the Court to "acknowledge" (ECF No. 28) is **DENIED** to the extent Petitioner has sought any substantive relief therein.  The Court has, however, considered the allegations contained in that motion in relation to Petitioner's presently pending motion to appeal *in forma pauperis.*

If the Petitioner wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee.   Any further requests to proceed IFP on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

.                  **SO ORDERED** this 2nd day of March, 2017.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**